# In the United States Court of Appeals
## for the Eleventh Circuit

No. 25-12377-C

COMMODITIES & FUTURES TRADING COMMISSION,

Plaintiff - Appellee,

versus

EMPIRES CONSULTING CORP. ET AL

Defendants – Appellants,

Reply Brief of Appellant to CFTC's ECF 33

Appeal from the United States District Court
For the Southern District of Florida

District Court No. 1:22-cv-21997-CMA (Altonaga)

**Appendix**

Joshua David Nicholas, MBA *pro se*

3116 S Kanner Hwy

Stuart, FL 34994

Phone: (772) 380-7618

Email: joshuadavidn94@gmail.com

## TABLE OF CONTENTS

Certificate of Interested Persons ..................................................................3

Table of Authorities ..................................................................................5

Reply Argument .......................................................................................6

Conclusion ............................................................................................17

Certificate of Compliance .........................................................................19

Certificate of Service ...............................................................................20

## Certificate of Interested Persons

Pursuant to the Eleventh Circuit Rule 26.1-2 through 26.1-5, Josh Nicholas, *Pro Se* hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement. The corporate disclosure statement does not apply because Mr. Nicholas is not a corporation. Mr. Nicholas believes that the people who have an interest in the outcome of this appeal are

1. The Hon. Cecilia M. Altonaga- US District Judge

2. Hon. Beth Bloom – US District Judge

3. Scott Diamond – Receiver for Defendant Empires Consulting Corp

4. Empires Consulting Corp (EmpiresX)

5. Flavio Goncalves – Defendant (Fugitive status)

6. Emerson Pires – Defendant (Fugitive status)

7. Enoquie Pires – Control person of EmpiresX

8. Lorenz Pruss – Counsel for Receiver for Defendant Empires Consulting Corp.

9. Ben Sedrish – Trial attorney for CFTC

10. Elizabeth Pendleton – Chief trial attorney for CFTC

11. Heather Dasso – Attorney for CFTC

12. Scott Williamson - Attorney for CFTC

13. Robert Howell - Attorney for CFTC

14. Margaret Aisenbrey - Attorney for CFTC

15. Anne Stukes - Attorney for CFTC

16. Jack Scarola – Former Attorney

17. Kawa Foad – Former Attorney

18. Adam Moskoqitz – State Class action attorney for victims of EmpiresX

19. Andrew Porter – Former Attorney

20. Julie Holt – Former Attorney

21. Meghan Tente – Counsel for CFTC

## Table of Authorities

### Cases

*. System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961 ...............................16

**Arizona v. California, 460 U.S. 605, 619 (1983)** ....................................................8

*Arizona v. California*..................................................................................................8

*Chenery* .....................................................................................................................8

**FTC v. Leshin** ...........................................................................................................12

**FTC v. Leshin, 719 F.3d 1227, 1231–32 (11th Cir. 2013)** ....................................11

*Sapuppo*.....................................................................................................................8

**Sapuppo v. Allstate Floridian Ins. Co.,** 739 F.3d 678, 681–82 (11th Cir. 2014) - 7

**SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)** ...................................................8

**SEC v. Goble**............................................................................................................12

**SEC v. Goble, 682 F.3d 934, 949 (11th Cir. 2012)**................................................11

***Sierra Club v. Meiburg, 296 F.3d 1021, 1033 (11th Cir. 2002*** ...................... 15, 16

*Stinson* .......................................................................................................................8

**System Federation No. 91 v. Wright, 364 U.S. 642, 647–48 (1961)** ...................15

***United States v. Stinson, 97 F.3d 466, 468 (11th Cir. 1996)*** ..................................8

### Statutes

7 U.S.C. § 13a-1(a), (b)............................................................................................15

### Other Authorities

Commodity Exchange Act ("CEA" ..........................................................................14

### Rules

FRAP 4(a)(4).............................................................................................................9

Rule 60(b...................................................................................................................15

# Reply Argument

This appeal presents a single, narrow issue: whether a lifetime personal-account trading ban may stand where the CFTC failed to make any individualized finding of future harm and failed to address its own inconsistency with the SEC and DOJ. The agency's silence on these dispositive points requires tailoring the trading ban under established Eleventh Circuit and Supreme Court Precedent[1].

Notably, the CFTC repeatedly mentioned Kawa Foad throughout their reply. Yet, the CFTC does not include him as a person of interest. This is the second time the CFTC has missed a person of interest. (The First being Elizabeth Pendelton who was the chief trial attorney assigned in this case)

| Table of Arguments | |
| --- | --- |
| **Initial Brief Argues** | **CFTC Reply Argues** |
| Equal treatment across government agencies with shared jurisdiction | Rehashing EmpiresX history |
| Trading ban serves prophylactic purpose | Character narrative |
| Trading ban tailored to the individual | Jurisdiction and Finality arguements |

---

[1] Note the CFTC has already agreed to offset the monetary judgement

1.  <u>**The CFTC forfeited the dispotive issue of  SEC – CFTC shared**</u>

<u>**jurisdiction**</u>

Most importantly, in the CFTC reply they **<u>never once address the SEC-</u>**

**<u>CFTC comparison</u>**. Buried in a footnote on page 4 the CFTC agreed with Mr.

Nicholas that securities futures share jurisdiction with the SEC. In other words,

<u>even if all the jurisdiction arguments and exhibit admissibility arguments the</u>

<u>CFTC makes were accepted; it still does not change the fact that if Mr. Nicholas</u>

<u>were to trade a securities futures contract and send the statement to the SEC and</u>

<u>CFTC there would be a problem</u>. Judge Altonaga who was the same judge in both

cases, would still be faced with the dilemma of shared jurisdiction. Therefore, no

matter what the outcome of the appeal, <u>these same issues will come up again</u>. The

only difference is that should that become necessary, Mr. Nicholas would include

all the exhibits in the district court and then the CFTC's arguments to dodge the

merits would be gone. Judicial economy favors resolving the inconsistency now,

rather that requiring duplicate litigation.

**Sapuppo v. Allstate Floridian Ins. Co.,** 739 F.3d 678, 681–82 (11th Cir. 2014) -

*"When an appellee fails to challenge one of the appellant's arguments, the*

*appellee is deemed to have abandoned that ground. Silence is a concession"*

***Recurrent Issue Doctrine: United States v. Stinson, 97 F.3d 466, 468 (11th Cir. 1996)***

**"***Where an issue is likely to arise again, judicial economy supports addressing it now***"**

**Supreme Court — avoiding needless duplication: Arizona v. California, 460 U.S. 605, 619 (1983)**

*"Judicial economy requires that courts resolve issues that will inevitably require resolution again"*

**SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)**

**"***the agency must explain the inconsistency in its treatment***"**

Taken together, these authorities confirm that the CFTC's silence on the SEC–CFTC inconsistency is dispositive. Under *Sapuppo*, the agency's failure to address Mr. Nicholas's central argument constitutes forfeiture and a concession on the merits. And because the shared-jurisdiction conflict will inevitably recur if Mr. Nicholas engages in securities-futures trading, the Court should resolve the issue now in the interest of judicial economy. *Stinson*; *Arizona v. California*. Moreover, the CFTC's unexplained departure from the SEC's treatment of the same conduct is precisely the type of inconsistency that requires reasoned justification under *Chenery*. The agency has offered none. Resolving this inconsistency in this appeal

avoids duplicative litigation and ensures that the parallel regulatory regimes operate coherently rather than at cross-purposes.

## 2.  <u>**The CFTC jurisdictional arguments are wrong**</u>

Next, the CFTC repeats arguments already rejected by the court on the docket about jurisdiction. Mr. Nicholas already filed replies and the court ordered the CFTC to reply to the initial brief. Therefore, the court in ordering a reply to the initial brief already established jurisdiction. As such, the arguments Mr. Nicholas presented under FRAP 4(a)(4) (which the CFTC failed to address) presents a concession that the court has jurisdiction. Rearguing the same arguments the court already rejected by the CFTC would just be an inefficient use of judicial resources. The court has already moved the case past that so there's no point in spending more time on the matter. Simply put, when a 60(b) motion challenges the validity or scope of an injunction, the appeal from the denial encompasses review of the underlying injunction.

### 3.  The CFTC does not answer the "tailoring" argument at all

In the SEC and DOJ case for the same conduct this is what happened. The SEC banned Mr. Nicholas's co-defendants from doing anything with securities. They can never even be an officer or director of a company. By contrast, Mr. Nicholas can still trade his personal account and be an officer or director of a company. The DOJ made no argument against Mr. Nicholas not being involved in securities or any career restrictions. In fact, they wrote a 5k.1 motion asking the judge to reduce his sentence. The DOJ, by comparison, brought more charges against Mr. Nicholas's co-defendants and face nearly double the penalties.  The CFTC, by comparison, gave equal treatment of Mr. Nicholas to his co-defendants. Instead, the CFTC attempted to justify their deviation by giving an extended narrative about Mr. Nicholas's career from when he was in his 20s and just learning the industry. Nevertheless, the NFA and FINRA stuff the CFTC cited…there were no findings of fact and those were all settled without admitting or denying any wrongdoing. Yet, the CFTC is now trying to justify different treatment based on other civil stuff that happened that the SEC and DOJ already knew about at the time.

| Securities and Exchange Commission SEC | |
|---|---|
| **Mr. Nicholas** | **Co-Defendants** |
| Officer & Director allowed | Not allowed to be officer or director |
| Personal Trading allowed | Personal Trading not allowed |
| Monetary judgement offset with DoJ | Separate Fine not offset |

| Department of Justice (DoJ) | |
|---|---|
| **Mr. Nicholas** | **Co-Defendants** |
| 1 charge convicted 2 original | 3 charges – both remain fugitives |
| 5k.1 motion for sentence reduction | Face up to 45 years in prison |
| 3.3 million restitution | Up to 100 million restitution |

| Commodity Futures Trade Commission (CFTC) | |
|---|---|
| **Mr. Nicholas** | **Co-Defendants** |
| No personal trading allowed | No personal trading allowed |
| Monetary judgement not offset with DoJ | Monetary judgement not offset with DoJ |

**SEC v. Goble, 682 F.3d 934, 949 (11th Cir. 2012)**

*"An injunction must be based on a reasonable likelihood of future violations and must be properly tailored to address the specific misconduct"*

**FTC v. Leshin, 719 F.3d 1227, 1231–32 (11th Cir. 2013)**

*"Injunctions must be narrowly tailored to prevent the specific future harm at issue"*

*AND*

*"A broad injunction unsupported by individualized findings constitutes an abuse of discretion"*

These principles confirm that the CFTC's injunction cannot stand. The SEC and DOJ imposed sanctions that were individually tailored to Mr. Nicholas based on the actual record, whereas the CFTC imposed a blanket personal-account trading ban identical to sanctions applied to co-defendants whose conduct and penalties were far more severe. Such a disparity is impermissible without individualized findings. As this Court held in **SEC v. Goble**, an injunction must rest on a demonstrated likelihood of future violations and must be properly tailored to the specific misconduct at issue. 682 F.3d at 949. Likewise, **FTC v. Leshin** makes clear that injunctions must be narrowly drawn to prevent the specific future harm and that a <u>broad injunction unsupported by individualized findings constitutes an abuse of discretion</u>. 719 F.3d at 1231–32. The CFTC's reply offers no individualized finding, no evidence of future risk, and no explanation for its deviation from the tailored approaches taken by the SEC and DOJ. Additionally, all the reference to FINRA and NFA there were no findings of facts – nor did the CFTC draw a nexus between them. The SEC and DoJ made no such nexus either.

Therefore, the absence of such justification renders the trading ban legally defective and requires tailoring to match the SEC.

### 4. **The CFTC never argued how a personal trading ban protects the public**

As mentioned in the initial brief, Mr. Nicholas, according to the DoJ investigation found that Mr. Nicholas had a 92% profitable trading record and won numerous awards from Barclays for achieving high return trading results. He is 31 years old and allowing him to trade his personal account would only bring more liquidity to the market which benefits the public. Additionally, Mr. Nicholas currently has a multi-million dollar restitution judgement in the criminal case where he is required to make restitution payments tied to his income. Trading his personal account means higher income would only serve to benefit the public. Therefore, it makes sense that the CFTC would not argue against this because it would be unsupported by any legal or factual basis.

**SEC v. Blatt, 583 F.2d 1325, 1334 (5th Cir. 1978)** (binding in the 11th Circuit)

*"An injunction is improper when there is no cognizable danger of recurrent*

*violation"*

These facts underscore why the CFTC cannot justify a lifetime ban on Mr.

Nicholas's personal-account trading. The DOJ's own investigation confirmed that

Mr. Nicholas is a consistently profitable trader—achieving a 92% win rate and

receiving multiple Barclays awards—and his ability to trade generates income that

directly increases restitution payments owed to the public. Personal-account

trading poses no risk of customer harm, no risk of investor deception, and no

similarity to the conduct underlying the EmpiresX scheme. Under binding

precedent, an injunction is improper when there is **no cognizable danger of**

**recurrent violation**. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978). Because

the CFTC identifies no risk associated with Mr. Nicholas's own trading and offers

no finding that such activity could lead to future violations, the personal trading

ban serves no protective function and cannot be sustained.

### 5.  The CFTC has jurisdiction to modify the trading ban

The CFTC unquestionably has both statutory and historical authority to seek

modification of an injunction it previously requested. Under the Commodity

Exchange Act ("CEA"), the agency has explicit authority to apply to the district court for "orders imposing injunctive or other relief," and this necessarily includes the ability to seek modification of those orders when appropriate. 7 U.S.C. § 13a-1(a), (b). The power to seek an injunction includes the lesser power to narrow, adjust, or partially dissolve it. Federal courts have long recognized that agencies may return to court to revise or tailor previously entered injunctions to reflect changed circumstances, fairness considerations, or the need for proportionality. Even more importantly, injunctions are inherently modifiable. Rule 60(b) and longstanding Supreme Court doctrine establish that a district court retains continuing jurisdiction to modify or dissolve an injunction whenever equity requires it:

**System Federation No. 91 v. Wright, 364 U.S. 642, 647–48 (1961)**

*"A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."*

***Sierra Club v. Meiburg, 296 F.3d 1021, 1033 (11th Cir. 2002)***

*"A court retains jurisdiction to modify an injunction to ensure it remains equitable."*

These authorities make clear that the CFTC is not powerless to modify the trading ban it previously obtained. The CEA expressly authorizes the agency to

seek injunctive relief, which necessarily includes the lesser authority to request modification when equity requires it. And because injunctions are inherently subject to ongoing judicial supervision, the district court retains continuing jurisdiction to revise or narrow injunctive terms to ensure they remain fair, proportional, and responsive to current circumstances. *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961); *Sierra Club v. Meiburg*, 296 F.3d 1021, 1033 (11th Cir. 2002). In short, both the agency and the district court possess clear authority to adjust the personal-account trading ban, and nothing in the statute or case law prevents the CFTC from doing so here.

## Conclusion

The CFTC's reply does not address the central issues presented in this appeal. It offers no legal or factual basis for imposing a lifetime ban on Mr. Nicholas's personal-account trading, identifies no individualized findings by the district court supporting such a restriction, and **leaves entirely unanswered the inconsistency between the SEC's tailored relief and the CFTC's sweeping prohibition**. An injunction that materially exceeds what is necessary to protect the public—and that the enforcing agency itself cannot defend—cannot be sustained.

Because Nicholas's Rule 60(b) motion squarely challenged the scope of the injunction, this Court has jurisdiction to review the district court's refusal to modify it. The extraordinary circumstances here warrant relief, and the current injunction is not narrowly tailored to prevent future violations.

If the SEC and DoJ – agencies with primary jurisdiction over securities and criminal conduct – found no basis to restrict Mr. Nicholas's personal trading, the CFTC cannot impose a broader sanction based on the same conduct without a reasoned explanation.

Therefore, Mr. Nicholas respectfully requests that the Court reverse and remand with instructions to the following:

1. Add language to offset the monetary judgement which the CFTC agreed to do.

2. Cite the language directly out of the SEC settlement but with one minor change replacing the word "security" with "commodity interest" stating "that such injunction shall not prevent Defendant from purchasing or selling *commodity interests* for his own personal account"

## Certificate of Compliance

This brief complies with the type-volume limits of Federal Rules of Appellate Procedure 29(a)(5) because, according to the word-processing system used to prepare it (Microsoft Word 2024), it contains 2,760 words, excluding the portions the brief exempted by Federal Rules of Appellate Procedure 32(f).

I further certify that this brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word 2024 in a proportionally spaced typeface (Times New Roman, 14 point)

/s/ *Joshua David Nicholas*

Joshua David Nicholas, MBA

*Pro Se*

## Certificate of Service

I hereby certify that on 12/6/2025 , I caused the foregoing Brief to be served to the following parties via email.

**Anne Stukes**

Acting Deputy General Counsel for Litigation, Enforcement, and Adjudication

1155 21st Street, NW

Washington, DC 20581

astukes@cftc.gov

**Margaret Aisenbrey**



Margaret P. Aisenbrey
Senior Assistant General Counsel,
Office of the General Counsel
Commodity Futures Trading Commission
816-960-7749 (office); 816-905-4758 (cell)
maisenbrey@cftc.gov